IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-25 |
| V. ) | (Phillips / Shirley) |
| ) | |
| SAMUEL WILLIAM MANNING, ) | |
| ) | |
| Defendant ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition, or report and recommendation regarding disposition, by the District Court as may be appropriate. This matter came before the Court on March 3, 2008, for a hearing on Attorney Paula Voss' Motion to Review Appointment of Counsel [Doc. 11], filed on behalf of Defendant Samuel Manning. Mr. Manning was present with his counsel, Attorney Voss. Assistant United States Attorney Cynthia Davidson was present on behalf of the government. The United States took no position in the matter.

Attorney Voss informed the Court that she filed the instant motion at the request of Mr. Manning. Attorney Voss stated her belief that the relationship between she and Mr. Manning has so deteriorated that she does not believe they can continue to work together to present Mr. Manning's defense. Attorney Voss stated that she believes it is in Mr. Manning's best interest to appoint new counsel in whom he feels he can place his confidence. Attorney Voss stated that Mr. Manning has formed the belief that Attorney Voss will not provide the necessary attention to his

1

criminal charge. Mr. Manning agreed with Attorney Voss' statements and confirmed his request for replacement counsel.

The Court then conducted a sealed hearing during which the Court questioned Mr. Manning and Attorney Voss regarding the circumstances underlying the motion and the general statements made in support thereof. The Court does not find Attorney Voss has in any sense fallen short in her representation of Mr. Manning. Despite this fact, the Court finds Mr. Manning's trust in her representation has eroded to the point this defendant no longer has confidence in his counsel. Further discussion during the sealed portion of the hearing did not dissuade Mr. Manning from his position. Mr. Manning stated that he understands that new counsel will require additional time to prepare the case and that a change in attorneys will likely result in a continuance of the trial date. Mr. Manning also stated that he understands he will necessarily remain in jail pending the new trial date, should the case be continued for this reason. Mr. Manning stated that, knowing all this, and understanding the continuance would likely be at least three months, he still wanted the Court to appoint a different lawyer.

After AUSA Davidson returned to the courtroom and the on the record hearing resumed, the Court found that the attorney - client relationship between Mr. Manning and his counsel is such that they cannot go forward in the preparation and presentation of Mr. Manning's defense. Accordingly, the Motion to Review Appointment of Counsel **[Doc. 11]** is **GRANTED**.

Attorney Voss was orally relieved as counsel for Mr. Manning, except to the extent necessary to complete transition of the case to new counsel.[1] Attorney A. Philip Lomonaco,

---

[1] Attorney Voss brought with her a complete copy of her file in this matter and provided the same to Attorney Henry.

although unable to be present in the courtroom, had previously agreed by telephone to accept appointment to represent Mr. Manning for the remainder of this case, and Attorney Brad Henry of the same firm was present to confirm the same. Attorney Lomonaco shall be entered as counsel of record.

The Court observed that new counsel may likely require additional time to adequately familiarize himself with the case, consult with Mr. Manning, conduct a factual investigation, identify and prepare pretrial motions and prepare for trial. While Attorney Lomonaco was not present to make a motion to continue any dates previously established in this case, he communicated his expectation that he would do so. The Court advised Attorney Henry that any such motion should be made as soon as the need is identified, otherwise the dates set forth in the Court's Order on Discovery and Scheduling will remain the dates for this case. [Doc. 9]. AUSA Davidson stated the government would not oppose a trial continuance if it becomes necessary due to the replacement of defense counsel.

Accordingly, it is **ORDERED**:

(1) Motion to Review Appointment of Counsel **[Doc. 11]** is **GRANTED**; and

(2) Attorney Voss is relieved from further representation as set forth above, and Attorney Lomonaco shall represent Mr. Manning for the remainder of the case.

**IT IS SO ORDERED.**

           ENTER:

            s/ C. Clifford Shirley, Jr.
           United States Magistrate Judge